UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES L. BOBO,

                Plaintiff,

  v.

TRACFONE WIRELESS, INC.,

                Defendant.

Case No. C13-1137-RAJ

REPORT AND RECOMMENDATION

## I.   INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Charles L. Bobo has filed an application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 1, along with a proposed civil complaint to this Court for review. Dkt. 1-1. After careful consideration of plaintiff's proposed complaint, plaintiff's IFP application, the governing law, and the balance of the record, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED with prejudice for failure to state a claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED at moot. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

Plaintiff asserts that his claim involves "failure connection (sic) to internet web. Failure connect to Google on the Internet." Dkt. 1-1 at 2. He claims that "Tracfone don't want me used (sic) Internet" and that he has had problems with his cellular phone starting December 18, 2012. *Id.* at 1-2. Plaintiff is asking the Court to award him one million dollars in damages. *Id.* at 3.

As a threshold matter, the Court notes that Mr. Bobo has previously filed several complaints nearly identical to this one in this district. *See e.g., Bobo v. TracFone Wireless, Inc.*, Case No. C13-071-MJP; *Bobo v. TracFone Wireless, Inc.*, Case No. C13-0884-JCC. In C13-071-MJP, the undersigned recommended the complaint be dismissed for failure to provide sufficient facts or details to state a cognizable legal claim against any defendant. The Honorable Marsha J. Pechman adopted the undersigned's Report and Recommendation on February 19, 2013, and the case was dismissed without prejudice.

In C13-0884-JCC, the Honorable Mary Alice Theiler found that Mr. Bobo's complaint suffered from the same defects, and therefore failed to state a claim on which relief can be granted. Judge Theiler then recommended the case be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b). Judge Theiler's Report and Recommendation was adopted by the Honorable John C. Coughenour on June 14, 2013.

## III. DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. ("FRCP") 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

1   550 U.S. 544, 555 (2007).  A complaint may be dismissed as a matter of law if it lacks a

2   cognizable legal theory or states insufficient facts under a cognizable legal theory.  *Robertson v.*

3   *Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Under 28 U.S.C. § 1915(e), the

4   district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to

5   state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Section 1915(e) applies to

6   all IFP proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

7   Cir. 2000).

8          Here, plaintiff's proposed complaint fails to allege sufficient facts to place the defendant

9   on notice of the nature of plaintiff's claims or otherwise provide any basis for jurisdiction in this

10  Court.  *See* FRCP 8(a).  Although plaintiff asserts in his proposed complaint that he believes the

11  defendant has wronged him in various ways, plaintiff has failed to provide sufficient facts or

12  details to state a cognizable legal claim against the defendant.  Thus, his proposed complaint

13  appears frivolous.  *See* Dkt. 1-1 at 1-4.

14         The Court must give a *pro se* plaintiff notice of a complaint's defects and leave to amend,

15  unless it is absolutely clear that amendment could not cure the defects.  *Lucas v. Dep't of*

16  *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Here, plaintiff would have to

17  abandon his claim, and allege an entirely new cause of action in order to proceed with this case.

18  As a result, the undersigned recommends against granting plaintiff leave to amend because it is

19  clear that he cannot cure his pleading defects.

20  //

21  //

22  //

23  //

REPORT AND RECOMMENDATION - 3

IV.   CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED with prejudice, and that his IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  A proposed order accompanies this Report and Recommendation.

DATED this 19th day of July, 2013.

JAMES P. DONOHUE
United States Magistrate Judge